IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02918-PAB-BNB
(Consolidated with Civil Action Nos. 13-cv-02607-PAB-BNB and 13-cv-02866-PAB-BNB)

---

Civil Action No. 12-cv-02918-PAB-BNB

SONYA BOLERJACK, as an individual, and on behalf of all others similarly situated,

Plaintiff,

v.

PEPPERIDGE FARM, INC., a Connecticut corporation,

Defendants.

---

Civil Action No. 13-cv-02607-PAB-BNB

GARETT KOEHLER,

Plaintiff,

v.

PEPPERIDGE FARM, INC.,

Defendant,

---

Civil Action No. 13-cv-02866-PAB-BNB

LISA LEO,

Plaintiff,

v.

PEPPERIDGE FARM, INC.,

Defendant.

---

**PROTECTIVE ORDER**

**IT IS ORDERED:**

A protective order is needed in this case, which arises out of Pepperidge Farm, Incorporated's ("PFI") advertising and labeling of its Cheddar Goldfish product as "Natural No Preservatives". Plaintiffs allege that PFI's Cheddar Goldfish product contains so-called "Genetically Modified Organisms" (or "GMOs") in the form of soy oil and that PFI's failure to disclose the fact the Cheddar Goldfish contain GMO soy while advertising the product as "Natural" is misleading and unfair. A protective order is needed to protect the trade secret, proprietary, or other confidential information of the parties. Areas of discovery might include, among other things, the following[1]:

a) PFI's procurement of ingredients and manufacturing of Cheddar Goldfish, including its development, formulation, recipe, production processes and techniques, and other trade secret information about PFI's operations;

b) PFI's sales of Cheddar Goldfish, including its policies and procedures regarding pricing, and its margin and profit information;

c) PFI's marketing plans and other documents relating to its strategic and competitive business plans;

d) PFI's confidential communications with others including agents, industry groups, and trade associations which reveal the business strategy of PFI and its parent Campbells;

---

[1] PFI does not necessarily agree that Plaintiffs are entitled to discovery of documents from each of these categories.

    e) PFI's financial statements and related financial information related to its sales of Cheddar Goldfish product in Colorado; and

    f) PFI's contractual and/or financial relationships with others in its supply chain, including its specific methods for distributing and selling its product through various sales channels.

Discovery may also be obtained from several non-parties, including suppliers and former employees of PFI. As such, the parties believe that a protective order, rather than a private agreement between the two of them, is needed to enable the parties to preserve the confidentiality of their information, including the type of information referenced above.

  1. As used in this Protective Order, these terms have the following meanings:

    a. "Attorneys" means outside counsel of record and house counsel (i.e., attorneys who are employees of a party to this action);

    b. "Confidential" documents are documents designated in accordance with Paragraph 2;

    c. "Confidential — Attorneys' Eyes Only" documents are the subset of Confidential documents designated in accordance with Paragraph 5;

    d. "Documents" are all materials within the scope of Federal Rule of Civil Procedure 34(a);

    e. "Written Assurance" means an executed document in the form attached as Exhibit A.

  2. A party may designate as "Confidential" any document, including interrogatory responses, other discovery responses or transcripts, that it in good faith contends to constitute or contain trade secret or other confidential information.

  3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the

contents of the documents to any person other than those specified in Paragraph 4. Prohibited purposes include, but are not limited to, use for competitive purposes or use in any other litigation.

    4.    Access to any Confidential document shall be limited to:

        a.    The Court and its officers;

        b.    Attorneys and their paralegals, legal assistants, and stenographic and clerical employees;

        c.    Persons shown on the face of the document to have authored or received it;

        d.    Court reporters retained to transcribe testimony;

        e.    The parties;

        f.    Outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action; and

        g.    During their depositions, former employees of PFI to whom disclosure is reasonably necessary and who have signed a Written Assurance (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court.

    5.    The parties shall have the right to further designate Confidential documents or portions of documents as "Confidential — Attorneys' Eyes Only." This designation shall be applied only to information that a party in good faith believes is highly sensitive such that it should not be disclosed to the named Plaintiff or to directors, officers or other non-attorney employees of PFI, thus requiring a higher level of confidential protection than information designated "Confidential." Disclosure of such information shall be limited to the persons designated in Paragraphs 4.a., 4.b., 4.c., 4.d. and 4.f.

6. A. Documents produced in paper form may be designated as "Confidential" or "Confidential—Attorneys' Eyes Only" by affixing the legend "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" to each page that contains protected material. Transcripts of depositions and court proceedings may be designated in the manner set forth in Paragraph 9. Other information, including tangible items and documents produced in electronic form or on a portable storage device, may be designated Confidential by affixing in a prominent place on the exterior of the container or storage device in which the item or information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" (but if only a portion of the item or information warrants protection, the producing party, to the extent practicable, shall identify the protected portion(s).) In the case of electronically-produced documents or images, such documents may be designated by electronically stamping "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" on the first page of such document or image

B. A party (or third party) that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the producing party must affix the "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" legend to the produced documents or materials in the manner described above. The inspecting party may

not, without the producing party's consent, make copies or take photos of any documents or things being made available for inspection.

7. Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Confidential — Attorneys' Eyes Only," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be provided to such third parties upon request.

8. Each outside independent person as defined in Paragraph 4.f shall, prior to receiving Confidential information, execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 10 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 10 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

9. All depositions or portions of depositions taken in this action that contain trade secret or other confidential information may be designated "Confidential" or "Confidential -- Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential — Attorneys' Eyes Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 30 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential — Attorneys' Eyes Only" during the 30-day period following receipt of the

transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

10. Any party who inadvertently fails to identify documents as "Confidential" or "Confidential — Attorneys' Eyes Only" shall have 15 days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

11. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 10 days of receiving such a written request, and otherwise comply with the duties set forth in Federal Rules of Civil Procedure 26(b)(5)(B). The party returning such inadvertently produced documents may thereafter seek re-production of any such documents in accordance with and if permitted by applicable law.

12. If a party receiving Confidential documents learns that, by inadvertence or otherwise, it has disclosed Confidential documents to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential documents, (c) inform the person or persons to whom

unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Written Assurance hereto as Exhibit A.

13. Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.

14. Prior to disclosure at trial of Confidential documents, the parties may seek further protections against public disclosure from the Court.

15. Any party may request a change in the designation of any information designated "Confidential" and/or "Confidential — Attorneys' Eyes Only." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief (while complying with Paragraph 13 above concerning the filing of documents under seal), providing notice to any third party whose designation of produced documents as "Confidential" and/or "Confidential — Attorneys' Eyes Only" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Federal Rule of Civil Procedure 26(c).

A party may object to the designation of particular Confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as

Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

16.     If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Confidential documents (including Confidential documents produced by a third party), that party must (a) promptly notify in writing the designating party and provide a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order and provide a copy of this Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential documents may be affected. If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any Confidential documents before a determination by the court from which the subpoena or order issued, unless the designating party has consented to the production. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

17.     Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing

party as "Confidential" or "Confidential — Attorneys' Eyes Only" and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. Attorneys, however, shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

18. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

19. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

20. The obligations imposed by the Protective Order shall survive the termination of this action. Within 60 days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall remove any materials designated "Confidential" from the office of the Clerk of Court. Following that 60-day period, the Clerk of Court may destroy all "Confidential" materials.

Dated November 4, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

## **EXHIBIT "A" TO STIPULATED PROTECTIVE ORDER**

## **IN THE UNITED STATES DISTRICT COURT**
## **FOR THE DISTRICT OF COLORADO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02918-PAB-BNB
(Consolidated with Civil Action Nos. 13-cv-02607-PAB-BNB and 13-cv-02866-PAB-BNB)

_____

Civil Action No. 12-cv-02918-PAB-BNB

SONYA BOLERJACK, as an individual, and on behalf of all others similarly situated,

Plaintiff,

v.

PEPPERIDGE FARM, INC., a Connecticut corporation,

Defendants.

_____

Civil Action No. 13-cv-02607-PAB-BNB

GARETT KOEHLER,

Plaintiff,

v.

PEPPERIDGE FARM, INC.,

Defendant,

_____

Civil Action No. 13-cv-02866-PAB-BNB

LISA LEO,

Plaintiff,

v.

PEPPERIDGE FARM, INC.,

Defendant.

_____

**EXHIBIT "A" TO STIPULATED PROTECTIVE ORDER**
_____

I, _____, declare that:

I reside at _____ in the city of

_____, county of _____, state of

_____;

I am currently employed by _____

located at _____ and my current job title

is _____.

I have read and believe I understand the terms of the Protective Order issued on or about March _____, 2013, in the case titled *Bolerjack v. Pepperidge Farm, Inc.*, Civil Action No. 12-cv-02918-PAB-BNB, pending in the United States District Court for the District of Colorado. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" or "Confidential — Attorneys' Eyes Only" obtained in accordance with such Protective Order, or

the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and in accordance with the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential" or "Confidential — Attorneys' Eyes Only," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Colorado, for the purpose of enforcing or otherwise providing relief relating to the Protective Order. Further, I appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Colorado agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

_____
(Signature)

Executed on: _____
(Date)