# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02918-PAB-BNB
(Consolidated with Civil Action Nos. 13-cv-02607-PAB and 13-cv-02866-PAB)

---

Civil Action No. 12-cv-02918-PAB-BNB

SONYA BOLERJACK,

    Plaintiff,

v.

PEPPERIDGE FARM, INC.,

    Defendant.

---

Civil Action No. 13-cv-02607-PAB-BNB

GARETT KOEHLER,

    Plaintiff,

v.

PEPPERIDGE FARM, INC.

    Defendant.

---

Civil Action No. 13-cv-02866-PAB-BNB

LISA LEO,

    Plaintiff,

v.

PEPPERDIGE FARM, INC.

Defendant.

---

**~~STIPULATED AGREEMENT AND~~ ORDER UNDER FED. R. EVID. 502(D)**

---

**WHEREAS**, Plaintiffs and Defendant (together, "the Parties") jointly request that this Court issue an Order pursuant to Federal Rule of Evidence 502(d) to facilitate production and use of documents in this proceeding and to protect the Parties against waiver of any privileges attaching to those documents;

**WHEREAS**, the Parties may be required to produce documents, answer interrogatories and provide testimony and other information that may contain information covered by the attorney-client privilege or work product protection;

**WHEREAS**, absent an order from the Court, under certain circumstances, the production of privileged or protected documents can operate as a waiver of any applicable privilege, protection and/or immunity with respect to disclosure in this case and other Federal or State proceedings;

**WHEREAS**, the Parties wish to expedite and facilitate the production of a large volume of electronic and hard copy data, information and documents, and to protect against inadvertent disclosure of attorney-client privileged communications or work product materials;

**WHEREAS**, Fed. R. Evid. 502(d) states that "[a] federal court may order that the privilege or protection is not waived by disclosure in connection with the litigation pending before the court, in which event the disclosure is also not a waiver in any other Federal or State proceeding;"

**WHEREAS**, this Court finds good cause to issue an order pursuant to Fed. R. Evid. 502(d); and

**WHEREAS**, the Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this order.

**IT IS HEREBY ~~STIPULATED, AGREED AND~~ ORDERED** that, pursuant to Fed. R. Evid. 502(d), a Party's inadvertent disclosure or production of any documents or information in this proceeding shall not, for the purpose of this proceeding or any other proceeding in any other court, constitute a waiver by that Party of any privilege or protection available to those documents, including the attorney-client privilege, work product protection and any other privilege or protection recognized by law.  The provisions of Fed. R. Evid. 502(d) are inapplicable to the production of documents or information under this Order.  Specifically, there has been no waiver if a party discloses privileged or protected information inadvertently or otherwise, regardless of whether the party took reasonable steps to prevent the disclosure or to rectify the error.  Such inadvertently produced documents or information shall be considered Confidential Information under the Protective Order (Dkt. # 86) previously entered in this case. Any party receiving any such inadvertently produced documents or information shall return them to the producing party, upon request, within 10 days of receiving such request, delete any versions of the documents it maintains and make no use of the information contained therein, regardless of whether the receiving party agrees with the claim of privilege and/or work product protection.  Nothing in this Order shall prevent a receiving party from challenging the privilege or protection asserted by the producing party by following the procedure outlines in Paragraph 15 of the Protective Order (Dkt. # 86).  Pursuant to Fed. R. Civ. P. 26, the producing party bears the burden of establishing the privilege or protection of all such challenged documents. Disclosure of information or documents by the receiving party before the producing party designates the information as protected shall not be deemed a violation of this Order.  This Order

shall apply retroactively to documents produced by both parties in the *Bolerjack* case, prior to the entry of this Order.

Dated December 6, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge